IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IQAR INC. F/K/A INVENTLY AUTOMOTIVE, INC., | § § § | |
| Plaintiff, | § § | C.A. No. 1:23-cv-694-DII |
| v. | § § | JURY TRIAL DEMANDED |
| TESLA, INC., | § § § § § | |
| Defendant. | § | |

### JOINT PROPOSED SCHEDULING ORDER

As ordered by Magistrate Judge Hightower, Plaintiff iQar Inc. ("iQar") and Defendant Tesla, Inc. ("Tesla") submit this joint statement regarding the proposed schedule using Judge Pitman's form. Dkt. No. 39. Where the parties do not agree, each party provides its own proposed date.

The parties stipulated (Dkt. 34), and the Court ordered that merits-based fact discovery be stayed until the resolution of Tesla's Motion to Transfer. Dkt. 35. Following the Court's ruling on Tesla's Motion to Transfer, the parties agree to promptly meet and confer to adjust the below-proposed dates to the extent necessary.[1]

Pursuant to Federal Rule of Civil Procedure 16, the following Agreed Scheduling Order is issued by the Court:

1. A report on alternative dispute resolution in compliance with Local Rule CV-88 shall be filed on or before **2/28/2025**.[2][3]

---

[1] Should the Court grant Tesla's Motion to Transfer, any proposed scheduling order will be vacated, and the parties will enter a new scheduling order upon assignment to a judge in the Northern District of California.

[2] In the parties' October 27, 2023 Joint Statement Re Proposed Scheduling Order (Dkt. No. 28), iQar proposed "2/30/25" for this deadline. That was a typographical error as February does not have 30 days. iQar has corrected this to be 2/28/25. Except as noted, all other dates are the same as proposed by iQar in the parties' prior joint statement.

[3] The deadlines proposed by Tesla modify those iQar proposed in the parties' October 27, 2023 Joint Statement Re Proposed Scheduling Order (Dkt. No. 28) to account for the (at least) three-

2. The parties asserting claims for relief shall submit a written offer of settlement to opposing parties on or before **2/10/2025**, and each opposing party shall respond, in writing, on or before **2/14/2025**. All offers of settlement are to be private, not filed. The parties are ordered to retain the written offers of settlement and responses so the Court may use them in assessing attorney's fees and costs at the conclusion of the trial.

3. Each party shall complete and file the attached "Notice Concerning Reference to United States Magistrate Judge" on or before **2/1/2024**.[4]

4. The parties shall file all motions to amend or supplement pleadings or to join additional parties on or before **8/14/2024**.

5. All parties asserting claims for relief (e.g., opening reports for the party with the burden of proof) shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) on or before (iQar proposes: **11/27/2024**; Tesla proposes: **2/28/2025**). Parties resisting claims for relief (e.g., rebuttal reports for the party without the burden of proof) shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) on or before (iQar proposes: **1/6/2025**; Tesla proposes: **3/28/2025**). Although not part of the Court's form order, the parties believe it helpful to clarify that all depositions relating to such experts shall occur by (iQar proposes: **1/20/2025**; Tesla proposes: **4/18/2025**).

6. An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony by (iQar proposes: **2/3/2025**; Tesla proposes: **5/2/2025**).

---

month stay of fact discovery to which the parties agreed (and the Court ordered) to conduct venue discovery and await a transfer ruling. *See* Dkt. 34; Dkt. 35.
[4] The parties did not address this date in their October 27, 2023 Joint Statement.

7. While not part of Judge Pitman's form, the parties believe it helpful to clarify that fact discovery will close on or before (iQar proposes: **11/14/2024**; Tesla proposes: **1/24/2025**) and expert discovery will close on or before (iQar proposes: **1/20/2025**; Tesla proposes: **4/18/2025**).

8. All dispositive motions shall be filed on or before (iQar proposes: **2/3/2025**; Tesla proposes: **5/2/2025**) and shall be limited to 20 pages.  Responses shall be filed and served on all other parties not later than 14 days after the service of the motion and shall be limited to 20 pages.  Any replies shall be filed and served on all other parties not later than 7 days after the service of the response and shall be limited to 10 pages, but the Court need not wait for the reply before ruling on the motion.

9. The Court will set this case for final pretrial conference at a later time.  The final pretrial conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties.  The parties should consult Local Rule CV-16(e) regarding matters to be filed in advance of the final pretrial conference.  **The parties shall not complete the following paragraph.  It will be completed by the Court at the initial pretrial conference to be scheduled by the Court.**

10. This case is set for _____trial commencing at 9:30 a.m. on _____, 20___.  **Jury selection may be conducted by a United States Magistrate Judge the Friday before the case is set for trial.  Given that (1) many cases resolve before trial and (2) the Austin Division has only one active district court judge, the Court may set a criminal case and several civil cases for the same trial week.  The Court recognizes the inconvenience this may cause counsel and parties if a trial is moved shortly before the trial date, but the Court must balance that inconvenience with its need to effectively deploy limited judicial resources.**

The parties may modify the deadlines in this Order by agreement, with the exception of the dispositive motions deadline and the trial date.  Those dates are firm.  The Court may impose

sanctions under Federal Rule of Civil Procedure 16(f) if the parties do not make timely submissions under this Order. For cases brought pursuant to the Freedom of Information Act (FOIA), the parties may instead follow the standard disclosure process and will have an initial pretrial conference only by request.

While not part of Judge Pitman's Proposed Agreed Scheduling Order W.D. Tex. Loc. R. CV-16(a), the parties respectfully request that the court adopt the following dates:

11. Within 14 days of the Court's ruling on Tesla's Motion to Transfer, Plaintiff shall serve Infringement Contentions in the form of a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found. Plaintiff shall also identify the earliest priority date (i.e., the earliest date of invention) for each asserted claim and produce (1) all documents evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each patent in suit.

12. Seven weeks after Plaintiff serves Infringement Contentions, Defendant shall serve invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendant contends are directed to ineligible subject matter under section 101, and (4) any other information required by the Court's rules and procedures. Defendant shall also produce (1) all prior art referenced in the invalidity contentions and (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s).

13. This case is set for a claim construction hearing on _____ at ___ [**to be selected by the Court**]. No later than 14 weeks before the claim construction hearing, the parties shall exchange claim terms for construction. No later than 12 weeks before the claim construction hearing, the parties shall exchange proposed claim constructions. No later than 11 weeks before the claim construction hearing, the parties shall disclose extrinsic evidence, including expert testimony, concerning claim construction. No later than 10

weeks before the claim construction hearing, the parties shall meet and confer to narrow terms in dispute and exchange a revised list of terms/constructions. No later than 9 weeks before the claim construction hearing, Defendant files opening claim construction brief, including any arguments that any claim terms are indefinite. No later than 6 weeks before the claim construction hearing, Plaintiff files responsive claim construction brief. No later than 4 weeks before the claim construction hearing, Plaintiff files a sur-reply claim construction brief. No later than 9 days before the claim construction hearing, the parties shall submit a joint claim construction statement. No later than 5 days before the claim construction hearing, the parties shall submit a technology tutorial (optional).

SIGNED on _____ , 20\_\_\_\_.

_____
UNITED STATES DISTRICT JUDGE